1
2
3
4
5                         **UNITED STATES DISTRICT COURT**
6                              **DISTRICT OF NEVADA**
7   UNITED STATES OF AMERICA,          )
                                        )         Case No. 2:10-cr-00217-PMP-PAL
8                          Plaintiff,   )
                                        )                    **ORDER**
9   vs.                                 )
                                        )            (Mtn to Sever - Dkt. #52)
10  DRAGOMIR TASKOV,                    )
                                        )
11                         Defendant.   )
    _____ )
12
13          On August 24, 2010, the court held a hearing on Defendant Dragomir Taskov's Motion to Sever
14  (Dkt. #52) filed July 13, 2010, and the government's Response in Opposition (Dkt. #52) filed July 21,
15  2010.  The court has considered the Motion and the Opposition.
16                                **BACKGROUND**
17          On May 18, 2010, the grand jury returned an Indictment (Dkt. #1), charging Taskov in thirty-
18  two counts with crimes of conspiracy, in violation of 18 U.S.C. § 371; wire fraud, in violation of 18
19  U.S.C. §1343; interstate transportation of stolen property, in violation of 18 U.S.C. § 2514; receipt of
20  stolen property, in violation of 18 U.S.C. § 2514, and aiding and abetting, in violation of 18 U.S.C. § 2.
21  Taskov is joined for trial with his co-defendants Dimitar Dimitrov, Boyan Gierorguiev, Rossen
22  Daskalov, Yuliyan Milushev, and Nikolay Mladenov.
23          Relying on Rule 14(a) of the Federal Rules of Criminal Procedure, Taskov asserts that he will
24  be severely prejudiced by his joinder with the other Defendants.  He argues that he has a markedly
25  different degree of culpability from his co-Defendants, and under the Supreme Court's ruling in *Zafiro*
26  *v. United States*, 506 U.S. 534 (1993), he faces a heightened risk of prejudice.  He asserts he has a
27  lawful defense to each of the charges in the Indictment (Dkt. #1), and his role as a participant
28  was relatively minor.  If he is tried with the other Defendants, there is a high risk of being found guilty

merely by association.  Mr. Taskov argues that joinder in this case is inappropriate because there is no

logical relationship between the alleged conduct of the Defendants.  He asserts the offenses charged in

the Indictment did not arise out of the same series of transactions, and joinder is not warranted under

Rule 8(b) of the Federal Rules of Criminal Procedure.  Specifically, Mr. Taskov is alleged to have

participated in numerous property crimes, whereas his co-Defendants have allegedly committed acts of

extortion, threats, or other violent crimes.  Mr. Taskov will be forced to sit through prejudicial evidence

at trial, and as a result, he cannot receive a fair trial. Mr. Taskov states he has already been prejudiced

by two recent newspaper articles that outline violent acts allegedly committed by several of the co-

Defendants.  Lastly, Mr. Taskov argues that his interests are different from the co-Defendants.

Specifically, he wishes as a speedy a trial as soon as possible, and his co-Defendants have stipulated to

continue the trial date to enable defense counsel time need to review voluminous discovery.

In response, the government argues that the Defendants are properly joined under Rule 8(b)

because all of the Defendants are charged in the Indictment (Dkt. #1) with the same property crimes.

Specifically, all of the Defendants, including Mr. Taskov, are charged with conspiring to defraud

various financial institutions and transporting and receiving stolen property obtained through the fraud

scheme.  The government asserts that all of the crimes charged in the Indictment were committed in

furtherance of the conspiracy, and because they arise from the same transaction or series of transactions,

the Motion to Sever (Dkt. #51) should be denied.  The government contends that Mr. Taskov played a

large role in the conspiracy, and his managerial part in the conspiracy is evidenced by the fact that only

he and one other Defendant are charged in all thirty-two counts of the Indictment (Dkt. #1).  Moreover,

severance is not warranted even if co-Defendants are charged with grossly disproportionate crimes, or

one co-Defendant is more culpable than another. Taskov's arguments concerning the newspaper article,

likewise, are not a basis upon which to justify severance.  Lastly, the government argues that Taskov's

claim of an antagonistic defense and readiness for trial are vague and insufficient to justify severance.

## DISCUSSION

### Fed. R. Crim. P. 8(b)

Taskov cites Rule 8(b) and Rule 14(a) in support of his motion to sever.  Fed. R. Crim. P. 8(b)

governs joinder of defendants and provides:

The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

While Rule 8(a) governs joinder of offenses, Rule 8(b) governs when defendants may be joined for trial. "[M]ost courts have held that Rule 8(b) applies exclusively to issues of joinders of multiple defendants and that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses." *United States v. Irizarry*, 341 F.3d 273, 287 (3rd Cir. 2003), *cert. denied,* 40 U.S. 1140. The Ninth Circuit has held that Rule 8(a) applies only to joinder of offenses against a single defendant, and the provisions of Rule 8(b) control when more than one defendant is named in an indictment. *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977).

A claim of misjoinder of offenses or parties under Rule 8 is a question of law reviewed *de novo*. *United States v. Sanchez-Lopez*, 879 F.2d 541, 550 (9th Cir. 1989). In determining whether two or more defendants are appropriately joined for trial under Rule 8(b), the court examines whether two or more defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. *See* Fed.R.Crim.P. 8(b). Mere factual similarity between the events is not a sufficient basis for joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994). However, the term "transaction" is interpreted flexibly, and determining whether a "series" exists depends on whether there is a "logical relationship" between the transactions. *Id.* "A logical relationship is typically shown 'by the existence of a common plan, scheme, or conspiracy.'" *Id.* at 844 (internal citations omitted). A logical relationship may also be shown if the common activity constitutes a substantial portion of the proof of the joined charges. *Id.*

Rule 8(b) is construed liberally in favor of joinder because joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crimes to trial. *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993)[1]. "There is a preference

---

[1] *Baker* was overruled on other grounds by *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000), which was, in turn, overruled on other grounds in *United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002). However, the Ninth Circuit has recognized that *Baker*'s discussion of the legal principles governing severance of joint trials remains good law. *United States v. Fernandez*, 388 F.3d 1199, 1241 n.27 (9th Cir. 2004).

in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Defendants jointly charged in conspiracy cases are presumptively to be jointly tried." *Baker,* 10 F.3d at 1387 *(citing United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir.), *cert. denied,* 449 U.S. 856 (1980)). Furthermore, the Ninth Circuit noted in *United States v. Fernandez*, "[A] joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by the possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." 388 F.3d at 1242.

### Fed. R. Crim. P. 14(a)

Rule 14 governs the severance of both defendants and charges. *Vasquez-Velasco,* 15 F.3d at 845. Even if joinder is proper under Rule 8(b), the court may sever the defendants' trials, order separate trials of counts, or provide other relief that justice requires if joinder "appears to prejudice a defendant or the government." Fed.R.Crim.P. 14(a). Rules 8(b) and 14 are designed to promote economy and efficiency and avoid multiple trials where those objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial. *See Zafiro,* 506 U.S. at 540; *Baker,* 637 F.3d at 1201. The Ninth Circuit has recognized that "some prejudice is inherent in any joinder of defendants." *Baker,* 637 F.3d at 1201. In deciding whether to sever properly-joined defendants, the court must weigh the potential for prejudice against the concern for judicial economy. *United States v. Kennedy*, 564 F.2d 1329 (9th Cir. 1977). However, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39.

The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). The court's denial of a motion to sever is reviewed for abuse of discretion. *See Fernandez*, 388 F.3d at 1241. "The test for determining abuse of discretion in denying severance

4

1    under Rule 14 is whether a joint trial would be so prejudicial that the trial judge could exercise his

2    discretion in only one way." *U.S. v. Escalante*, 637 F.2d at 1201.

3        Prejudice under Rule 14(a) may result from: (1) the defendants' antagonistic or mutually

4    exclusive defenses, *United States v. Angwin*, 271 F.3d 786, 795 (9th Cir. 2001), *overruled on other*

5    *grounds, United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007); (2) inappropriate conduct by a co-

6    defendant's attorney, for example, an opening statement blaming other defendants, *U.S. v. Gillam*,

7    167 F.3d 1273, 1277 (9th Cir. 1999); (3) a co-defendant's refusal to give exculpatory testimony in a

8    joint trial due to the potential for self-incrimination, *United States v. Castro*, 887 F.2d 988, 998 (9th

9    Cir. 1989); (4) a co-defendant's non-judicial confession which incriminates the defendant, even when

10   the confession is introduced only against the co-defendant, *Bruton v. United States*, 391 U.S. 123, 137

11   (1968); (5) admission of evidence admissible only against a co-defendant; *United States v. Cruz*,

12   127 F.3d 791, 799 (9th Cir. 1997), *abrogated on other grounds, United States v. Jiminez Recio*,

13   537 U.S. 270; and (6) a co-defendant's comment on a defendant's failure to testify, *De Luna v. United*

14   *States*, 308 F.2d 140, 141 (5th Cir. 1962), *cited with approval, United States v. De La Cruz Bellinger*,

15   422 F.2d 723, 726-27 (9th Cir. 1970).

16       The Supreme Court has also recognized that "[w]hen many defendants are tried together in a

17   complex case, and they have markedly different degrees of culpability, joinder may be prejudicial

18   because evidence of a co-defendant's wrongdoing could erroneously lead a jury to conclude that a

19   defendant was guilty by mere association." *Zafiro*, 506 U.S. at 539.  The Ninth Circuit has also

20   recognized that prejudice may result from a "mega-trial" involving a large number of defendants and

21   charges.  *Baker,* 10 F.3d at 1390-92.  In *Baker,* fifteen of the twenty-four defendants originally charged

22   in a forty-four count superseding indictment were tried together.  On appeal following the criminal

23   convictions, the Ninth Circuit described this case as "one of the lengthiest and costliest trials in this

24   nation's history."  *Id.* at 1386.  The Ninth Circuit commented that it was called upon to consider not

25   only the approximately fifty issues raised on appeal "but the practical and human limitations of our jury

26   system itself."  *Id.*  The trial lasted more than sixteen months.  Over 250 witnesses were called and

27   thousands of exhibits were admitted.  Presentation of the evidence involved over 2,000 narcotics

28   transactions spanning an eleven-year period.  The decision described the "staggering hardships" and

burdens that a joint trial of the scope and duration of the *Baker* trial entailed, finding that "these burdens fall not only on the defendants, but on defense counsel, prosecutors, the jury, the district court, the court of appeals, and the taxpayers." *Id.* at 1390-92. The court concluded that "the risk of prejudice to the defendants increases sharply with the number of defendants and the length of the trial" but held the district court did not abuse its broad discretion in denying the defendants' motion for severance. *Id.* at 1390

In this case, all of the Defendants are charged in count one of the Indictment (Dkt. #1) with conspiracy to commit offenses against the United States. Count one describes the manner and means of the conspiracy and the Defendants' alleged involvement in it. Specifically, it alleges that the Defendants participated in complex fraud schemes to obtain vehicles from automobile dealerships in Nevada and elsewhere in the United States by obtaining loans through false representations and specific schemes involving straw buyers. Once Defendants obtained the vehicles, they allegedly sold, rented, or leased the vehicles to third parties in the United States or smuggled them to Eastern Europe. No payments were made to the financial companies that funded the automobile loans.

Counts two through nine allege wire fraud and aiding and abetting by Taskov and two of his co-Defendants, Dimitrov and Guerguiev. Counts ten through fifteen allege wire fraud and aiding and abetting by Taskov, Dimitrov, and Daskalov. Counts sixteen through twenty four allege wire fraud and aiding and abetting against Taskov, Dimitrov, and Milushev. Count twenty-five alleges interstate transportation of stolen money and aiding and abetting by Taskov, Dimitrov, and Milushev. Count twenty-six alleges interstate transportation of stolen money by Taskov, Dimitrov, and Daskalov. Count twenty-seven alleges interstate transportation of stolen money and aiding and abetting against Taskov, Dimitrov, and Milushev. Count twenty-eight alleges interstate transportation of stolen money and aiding and abetting against Taskov, Dimitrov, and Daskalov. Count twenty-nine alleges interstate transportation of stolen money and aiding and abetting against Taskov, Dimitrov, Daskalov, and Nikolay Mladenov. Count thirty alleges receipt of converted and fraudulently taken property and aiding and abetting against  Taskov, Dimitrov, Daskalov, and Mladenov. Count thirty-one alleges receipt of converted and fraudulently taken property and aiding and abetting against  Taskov, Dimitrov, and

1    Gueorguiev.  Count thirty-two alleges interstate transportation of stolen money and aiding and abetting

2    against Taskov, Dimitrov, Gueorguiev, and Mladenov.

3        Each of the charges in the Indictment (Dkt. #1) relate to various schemes allegedly used by

4    Defendants to obtain vehicles, fraudulently purchase vehicles, transport them across state lines or

5    outside the United States, and wire funds from the lease, sale, or rental of the vehicles.  Each charge

6    arises out of the same series of transactions.  *See U.S. v. Jawara,* 474 F.3d 565, 573 (9th Cir. 2007)

7    (court inquires whether commission of one of the offenses either depended upon or led to the

8    commission of the other; or whether proof of one act either constituted or depended upon proof of the

9    other); *see also United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981) (stating "When the joined

10   counts are logically related, and there is a large area of overlapping proof, joinder is appropriate")

11   (*citing United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970)).  The Defendants are, therefore,

12   properly joined in the same Indictment (Dkt. #1) pursuant to Fed.R.Crim.P. 8(b).

13       This conclusion does not end the court's analysis because "Rule 14 recognizes that even when

14   counts are properly joined under Rule 8(b), severance of the counts may be appropriate to avert

15   prejudice to a defendant.  *Vasquez-Velasco*, 15 F.3d at 845.  A defendant moving to sever has a heavy

16   burden of showing that a joint trial would compromise a specific right or prevent the jury from making

17   a reliable judgment about guilt or innocence.  *Baker*, 10 F.3d at 1387-89.  Taskov has not demonstrated

18   that sufficient prejudice would result to justify severance, especially where, as here, the charges in the

19   Indictment (Dkt. #1) are so related that evidence would overlap if severance were ordered.  Moreover,

20   the allegations in the Indictment (Dkt. #1) belie Taskov's position that his role in the alleged conspiracy

21   was minor.  Taskov is charged in each of the thirty-two counts in the Indictments, and the government

22   asserts he was a leader in the conspiracy and had a managerial role in it.  There is little risk of evidence

23   "spilling over" to affect the jury's perception of Taskov's guilt or innocence where, as here, Taskov is

24   charged in every count of the Indictment (Dkt. #1).  *See, e.g., U.S. v. Ramirez*, 710 F.2d 535, 547 (9th

25   Cir. 1983).  Taskov has not shown that the prejudice from a joint trial would deprive him of a fair trial,

26   and severance is not justified on this ground.

27       Likewise, Taskov's claim that he has already been prejudiced by the bad press surrounding one

28   of his co-Defendants is insufficient to warrant severance.  The negative publicity involves statements

made by co-Defendant Dimitrov in intercepted/wiretapped phone calls threatening to harm witnesses. Any potential prejudice related to negative publicity associated with this case or Taskov's co-Defendant(s) is a matter to be addressed during jury selection.  Although a defendant is constitutionally entitled to an impartial jury, this requirement does not limit jury membership to persons completely ignorant of the facts and issues of a case. *See Irvin v. Dowd*, 366 U.S. 717, 722 (1961); *United States v. Croft*, 124 F.3d 1109, 1116 (9th Cir. 1997).  The court must decide whether publicity has caused jurors to form opinions such that they cannot impartially judge the guilt or innocence of a defendant based upon evidence presented at trial.  *See Patton v. Yount*, 467 U.S. 1025, 1035 (1984); *United States v. Collins*, 109 F.3d 1413, 1416-17 (9th Cir. 1997).  Furthermore, any inflammatory evidence admitted against a co-defendant may be neutralized by an appropriate cautioning instruction.  *See United States v. Castro*, 881 F.2d 988, 998 (9th Cir. 1989).

Taskov's claim that "[h]is defense is different" from those of his co-Defendants is also insufficient to justify severance.  A defendant will only be entitled to severance based on mutually antagonistic defenses if "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Cruz*, 127 F.3d 791, 799 (9th Cir. 1997) (*quoting Throckmorton*, 87 F.3d at 1072); *see also United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991) (mutually exclusive defenses said to exist when acquittal of one co-defendant would necessarily call for the conviction of the other); *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (to obtain severance on basis of antagonistic defenses, defendant must show that acceptance of one party's defense will preclude acquittal of the other party).  The district court may also "reduce any potential confusion between the defendants by instructing the jury that it should evaluate the evidence against each defendant separately and that the verdict as to one defendant should not control the verdicts of the others." *Id*. at 800 (*citing Zafiro*, 506 U.S. at 540-41).  Taskov has not articulated his own defense theory or established that any of his co-Defendants will actually assert antagonistic defenses.  Because Taskov does not assert his defense is mutually exclusive and irreconcilable to one or more of his co-Defendants, he is not entitled to severance on this ground.

/ / /

1    Lastly, Taskov asserts that severance is required because he "wishes as speedy a trial as

2    possible." He believes that if his case is tried separately, it will be tried sooner and will not be as

3    lengthy as a joint trial. "The Speedy Trial Act provides a seventy-day limit from the date of the . . .

4    indictment or the date on which the defendant appears before a judicial officer of the court, whichever

5    occurs last, to the commencement of the trial. Certain periods of time are excludable." *United States v.*

6    *Dota*, 33 F.3d 1179, 1182 (9th Cir. 1994) (*citing United States v. Nash*, 946 F.2d 679, 680 (9th Cir.

7    1991); *see generally* 18 U.S.C. § 3161(h). The Speedy Trial Act clock is synchronized for all

8    defendants joined in an indictment, and because the Defendants are joined for trial any reasonable

9    period of time excluded for one Defendant is excluded for all of them. *See* 18 U.S.C. § 3161(h)(6) and

10   (7). Here, Taskov was joined for trial with his co-Defendants pursuant to the provisions of the Speedy

11   Trial Act. He has not stated any reason other than a generalized desire to be tried more quickly. This is

12   insufficient to justify severance.

13   In conclusion, the nature of the charges involve a substantial overlap in the evidence presented

14   to support the conspiracy charge. A joint trial is especially desirable in a conspiracy case. *Fernandez*,

15   388 F.3d at 1199. Thus, although there is certainly a possibility of some prejudice to the defendants in

16   a joint trial, the court finds that the interests of judicial efficiency outweigh the possible prejudice. The

17   court also finds that this case is not so complex that the jury is unlikely to be able to compartmentalize

18   the evidence and evaluate each defendant's culpability individually. Moreover, the appropriate use of

19   limiting instructions will reduce or eliminate any possibility of prejudice arising from a joint trial.

20   For all the foregoing reasons,

21   **IT IS ORDERED** that Taskov's Motion to Sever (Dkt. #51) is DENIED.

22   Dated this 27th day of August, 2010.

23

24   _____
     PEGGY A. LEEN

25   UNITED STATES MAGISTRATE JUDGE

26

27

28

9