1

2

3

4                    UNITED STATES DISTRICT COURT

5                          DISTRICT OF NEVADA

6                                  * * *

7    UNITED STATES OF AMERICA,          Case No. 2:10-cr-00217-RFB-PAL

8              Plaintiff,
                                        ORDER
9         v.

10   DRAGOMIR TASKOV,

11             Defendant.

12                    **SUBSTITUTION AND FORFEITURE ORDER**

13         This Court, having read and considered the United States of America's Motion to

14   Substitute and to Forfeit Property of Dragomir Taskov (ECF No. 361), and good cause appearing,

15   finds the assets described below are owned by Dragomir Taskov ("Taskov") and that the property

16   subject to criminal forfeiture (1) cannot be located upon the exercise of due diligence; (2) has been

17   transferred to a third party; and (3) has been placed beyond the jurisdiction of the court.

18         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the following assets

19   are substituted and are forfeited to the United States of America pursuant to 21 U.S.C. §

20   853(p)(1)(A)-(C) and (p)(2):

21         1.  Dewalt Pilot Point Drill Bits;

22         2.  Dewalt Driver Accessory set;

23         3.  Bernzomatic Welding Kit;

24         4.  Dell Printer Cartridge, s/n OMF7907197182268;

25         5.  Dell Printer Cartridge, s/n ONF5557197182293;

26         6.  Dell Printer Cartridge, s/n OPF0307197182853;

7. Gerber Multi Tool, s/n ORF0127199182294;

8. Tipman Power Rack/ Paintball Gun, s/n 1356929;

9. Dyson Vacuum, s/n 260USE56078;

10. Dewalt 13M Impact Wrench, s/n 981614;

11. Dewalt saw blades;

12. Gerber Knife and sheath;

13. Century Gloves;

14. Stiga Ping Pong Paddle;

15. Stiga Ping Pong Paddle;

16. Apple Television System, s/n YM810104WH7;

17. Swiss Gear tent;

18. Swann Monitoring CCTV 4 Channel;

19. Samsung Disc Player, s/n 036725607828;

20. Brass Eagle Paint Balls;

21. Brass Eagle Paint Balls;

22. Apple i-Mac computer, s/n W87404A5X89;

23. Home Sheet Set;

24. Dewalt Drill, s/n 972112;

25. Dewalt Saw, s/n 976061;

26. Dewalt Light, s/n 988904;

27. Dewalt Saw, s/n 98800, crescent wrench and carpet knife inside Dewalt bag;

28. Louis Vuitton Computer Bag, s/n C10212Y5;

29. Mitsubishi 73 Inch HDTV, model 1080P, s/n 55818022;

30. Mitsubishi Flatpanel LCD Television, s/n 853B601A60;

31. Bello TV Stand;

32. LG Model 7.0 Tormm Dryer, white, s/n 76638612002326120816;

33. LG Model 7.0 Tormm Washer, white, s/n 00911711011777110317;

34. Black Leather Sectional, two piece;

35. Top Assembly Jeep Wrangler;

36. Dual Top Window Kit/Jeep;

37. Dell Printer Cartridge;

38. Dewalt Jigsaw, s/n 999927;

39. Canon DC210 Digital Video Camera, Case & Accessories, s/n 642462043890;

40. Black Craftsman Tool Box;

41. CSPS Silver Tool Box;

42. Red 2 piece Tool Box with tools;

43. Red Craftsman Tool Box with tools;

44. Torin "Big Red 1500" Engine Stand;

45. Yellow Dewalt Air Compressor;

46. Red Floor Jack;

47. Grey Floor Jack;

48. Red 22 ton Hydraulic Jack;

49. Black Craftsman 3 ton Floor Jack;

50. Black Craftsman Floor Jack;

51. Yellow Pallet Jack;

52. Silver Crew Line Motorcycle Jack;

53. Yellow Engine Puller;

54. Yellow Tool Box with tools;

55. Toolbox with tools;

56. Toolbox with tools;

57. Black Air Compressor, 60 gallon;

58. Red Floor Jack; and

59. Tap and Die Stamps

(all of which constitutes "property").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America should take into custody the aforementioned property;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all right, title, and interest of Dragomir Taskov in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel Hollingsworth
> Assistant United States Attorney
> Lloyd D. George United States Courthouse
> 333 Las Vegas Boulevard South, Suite 5000
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

**REMAINING MOTIONS**

IT IS ORDERED that the Motion to Withdraw as Attorney (ECF No. 363) is GRANTED. Counsel for Taskov, Terrence M. Jackson, is directed to provide Taskov with his complete and unredacted file.

IT IS FURTHER ORDERED that the Motion to Extend Time on the Response to the Motion to Substitute and Forfeit Property (ECF No. 364) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Motion to Unseal and Access Judicial Documents (ECF No. 366) and Motion to Compel Counsel to Release Evidence (ECF No. 367) are DENIED AS MOOT.

IT IS FURTHER ORDERED that the Motion for Hearing (ECF No. 370) and the Motion for Order (ECF No. 371) are DENIED AS MOOT.

IT IS FURTHER ORDERED that the Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 381) is DENIED. The Court does not find that the Motion was timely, as it was filed well after the limitations period as set forth in subsection (f)(1) of the statute. On June 25, 2012, Judge Philip Pro entered an Order of Forfeiture against Taskov, ordering him to pay a criminal forfeiture money judgment in the amount of $159,742.37. (ECF No. 266). On June 26, 2012, a Judgment was entered against Taskov, finding him guilty of two counts of aiding and abetting receipt of stolen property, one count of aiding and abetting interstate transportation of stolen property, and one count of aiding and abetting mail fraud. (ECF No. 367). On June 27, 2012, Taskov filed a Notice of Appeal before the Ninth Circuit. (ECF No. 268). The Ninth Circuit issued its Mandate affirming the conviction on July 7, 2014 (ECF No. 339), and Judge Pro spread the Mandate on July 10, 2014 (ECF No. 341).[1] The Motion to Vacate was filed March 28, 2016, well over one year after the Mandate. The Court finds that subsections (f)(2) – (4) are inapplicable in this case.

IT IS FURTHER ORDERED that the Motion for Evidentiary Hearing (ECF No. 383) and Motion for Discovery (ECF No. 385) are DENIED.

The Clerk of Court is instructed to close this case and the companion civil case, 2:16-cv-00680-RFB. The Clerk of Court is also instructed to mail a copy of this Order to Taskov at his address on file.

DATED this 22nd day of November, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Taskov's Motion for New Trial pursuant to Federal Rule of Criminal 33 did not toll the limitations period for the underlying conviction. The Motion for New Trial was filed on August 15, 2014. (ECF No. 343). Judge Pro denied the Motion on September 9, 2014. (ECF No. 346). The Ninth Circuit affirmed the district court's decision on September 28, 2015. (ECF No. 374). Taskov filed a petition of certiorari to the United States Supreme Court on December 23, 2015 (ECF No. 376), which was denied March 7, 2016 (ECF No. 380). There is nothing in the record to indicate that Taskov challenged his underlying conviction in the petition for certiorari, but even if he had, the challenge would have been untimely.

6