1  STEVEN W. MYHRE
   Acting United States Attorney
2  Nevada State Bar No. 9635
   DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
   Nevada State Bar No. 1925
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  Daniel.Hollingsworth@usdoj.gov
   Telephone: (702) 388-6336
6  Facsimile: (702) 388-6787
   Counsel for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-CR-217-RFB-BNW |
| Plaintiff, | United States of America's Motion for an Interlocutory Order of Sale of Property, and Order |
| v. | |
| DRAGOMIR TASKOV, aka Drago, | |
| Defendant. | |

The United States respectfully moves this Court for an Order for an Interlocutory Sale of miscellaneous tools, computer accessories, televisions, washer, dryer, furniture, etc. (property).

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service to sell the property through one of its approved methods.

The grounds for issuing the Order for an Interlocutory Sale are the property is at risk for further deterioration or decay, the expenses of keeping the property will take away from the amount that can be paid to victims, and this Court is authorized to approve interlocutory sales.

/ / /

/ / /

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 11th day of December, 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

On September 13, 2011, the Grand Jury returned a Thirty-Four Count Second Superseding Criminal Indictment (Indictment), charging Dragomir Taskov (Taskov) in Count One with Conspiracy to Commit Offenses Against the United States in violation of 18 U.S.C. §§ 371, 1341, 1343, 2314, and 2315; in Counts Two through Twenty-Four with Wire Fraud in violation of 18 U.S.C. § 1343; in Counts Twenty-Five through Twenty-Nine and Thirty-Two with Interstate Transportation of Converted and Fraudulently Taken Property in violation of 18 U.S.C. § 2314; in Counts Thirty and Thirty-One with Receipt of Converted and Fraudulently Taken Property in violation of 18 U.S.C. § 2315; and in Counts Thirty-Three and Thirty-four with Mail Fraud in violation of 18 U.S.C. § 1341. Indictment, ECF No. 165.

On March 22, 2012, Taskov was found guilty on Counts Thirty to Thirty-Two and Thirty-Four of the Indictment (ECF No. 165). Jury Verdict, ECF No. 239. On June 25, 2012, Taskov was sentenced (ECF No. 265). On June 26, 2012, an Order of Forfeiture (ECF No. 266) was entered against him with a criminal forfeiture money judgment of $159,742.37.

On June 27, 2012, this Court entered the Judgment in a Criminal Case (ECF No. 267) with the sentencing Order of Forfeiture (ECF No. 266) attached.

On February 26, 2015, the United States filed a Motion to Substitute and to Forfeit Property of Dragomir Taskov (ECF No. 361), specifically miscellaneous tools, computer accessories, televisions, washer, dryer, furniture, etc. On November 27, 2017, this Court entered the Substitution and Forfeiture Order (ECF No. 399).

### B. Statement of Facts

The United States now requests this Court to authorize the United States Marshals Service (USMS) to sell the property through one of its approved methods. The purpose of the interlocutory sale is to liquidate the property to allow for easier USMS management by converting the property

to cash, to avoid the cost of maintaining the property, and to avoid further depreciation. See Exhibit 1, Affidavit of FSA Paralegal Mary Stolz, attached hereto and incorporated herein by reference as if fully set forth herein.

While the property is in storage, it will depreciate in value and the storage fees will accrue. If the government sells the property, the property will stop depreciating and the storage fees to keep the property will stop. After this forfeiture has been completed, the government will propose restoration to the Money Laundering and Asset Recovery Section of the Department of Justice, who will exercise executive discretion in determining whether to distribute the proceeds to the victims.

**II. ARGUMENT**

This Court has authority to issue the Interlocutory Order of Sale. Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules) G(7) authorize Interlocutory Sales. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The United States may move this Court to order the above-mentioned property "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D). Two of these four reasons for the interlocutory sale apply in this case regarding the property. The property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action and the expense of keeping the property is excessive or disproportionate to its fair market value. The United States may sell the property if this Court so orders. Supplemental Rule G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court

designates."). The USMS will sell the property through one of its approved methods. Supplemental Rule G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g) (brackets and ellipses added). The sale proceeds of the property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rule G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id.*

## III. CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the property under the following reasons: (1) the property is perishable and is at risk of deterioration, decay, and injury; and (2) the expense of keeping the property is disproportionate to its fair market value. Selling the property through this interlocutory sale will protect the property, preserve its value, and liquidate the property to allow for easier management of the assets to be used towards Taskov's criminal forfeiture money judgment.

Dated this 11th day of December 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE
DATED: November 13, 2019

**PROOF OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on December 11, 2017, and by

<u>US MAIL:</u>

Dragomir Taskov #44995-048
Prairieland Detention Center
1209 Sunflower Lane
Alvarado, TX 76009

                                          <u>/s/ Mary Stolz</u>
                                          MARY STOLZ
                                          FSA Paralegal

# AFFIDAVIT OF PARALEGAL MARY STOLZ

I, Mary Stolz, do hereby declare:

I am an FSA Paralegal with the United States Attorneys Office, District of Nevada, and have been so employed since November 2013. The information provided herein is the result of my investigation and review by others, including Jeffrey Padayao, Asset Forfeiture Coordinator, United States Marshals Service. To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through reliable law enforcement sources, and I believe it to be true.

This affidavit supports an Interlocutory Order of miscellaneous tools, computer accessories, televisions, washer, dryer, furniture, etc. (property), substitute assets of Dragomir Taskov.

The costs of the USMS to keep the property are excessive. According to the USMS, an appraisal will need to be conducted on the fifty-nine items. Transportation of a large lot of items will be expensive. Since there is not enough room in the USMS storage, it will cost $135 per month for storage at an outside facility. While the property is in storage, it is at risk for further depreciation of its value, and the expenses of keeping the property will take away from the amounts that may be paid to the victims if the Department of Justice exercises its executive discretion to use the forfeited assets for that purpose. If the government sells the property, the property will stop depreciating and the management expenses will not continue to accrue.

Based upon the foregoing, this Court should issue the Interlocutory Order of Sale of the computer accessories, televisions, washer, dryer, furniture, etc.

_____
Mary Stolz
FSA Paralegal

STATE OF NEVADA  )
                 ) ss
COUNTY OF CLARK  )

Subscribed and sworn to (or affirmed) before me on December 11, 2017, by Mary Stolz.

KIM BUSH
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 08-06-2020
Certificate No: 12-8463-1

_____
NOTARY PUBLIC